IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSS FLYNN and MARY ANN FLYNN,

      Plaintiffs,

v.                                                      15cv195 KG/WPL

CITY OF LAS CRUCES, NEW MEXICO,
LAS CRUCES POLICE DEPARTMENT,
Officer RICHARD GARCIA, Officer DANNY
SALCIDO, Officer JOSHUA SAVAGE,
Officer JUSTIN RAMIREZ, and Officer
ABRAHAM MADRID, in their individual
and official capacities,

      Defendants.

**ORDER GRANTING DEFENDANTS SALCIDO AND GARCIA'S MOTION TO STAY/LIMIT DISCOVERY PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDING**

Defendants Salcido and Garcia ("Defendants") have filed a Motion to Stay/Limit Discovery Pending Resolution of Related Criminal Proceeding. (Doc. 47.) Defendants argue that substantial prejudice can be avoided if I restrict information regarding (1) their actions after the arrest of Ross Flynn and (2) their subsequent termination from the Police Department "while the criminal charges—and any appeal therefrom—remain pending in New Mexico State Court." (Doc. 47 at 2, 6.) Plaintiffs filed a response and argue that I should either deny the stay or employ less severe limitations because Defendants "failed to articulate any specific prejudice." (Doc. 50 at 2.) Defendants filed a reply and counter that their suggested discovery limitations are sufficiently narrow and would not prejudice the Plaintiffs. (Doc. 54 at 5.) Having read and considered the briefing, case record, and relevant law, I grant the Defendants' motion.

## BACKGROUND

The incident underlying both the criminal and civil proceedings against the Defendants occurred on the evening of December 23, 2014, in a Las Cruces Police Department holding cell. (Doc. 1 at 3.) According to the Complaint, Flynn—who had been arrested earlier in the evening and was "restrained" in his cell—kicked the cell door, argued with officers, and then sustained serious injuries after the Defendants beat him by "slamming him on the cell walls and kneeing him in the ribs." (Doc. 1 at 3, 4, 7.)

Following the incident, the City fired the Defendants, the Third Judicial District Attorney's Office charged each of them with one count of aggravated battery resulting in great bodily harm, and they were arraigned in the Third Judicial District Court in June, 2015. (Doc. 47 at 2.) Their trial is scheduled to begin in December, 2015. (*Id.*)

## DISCUSSION

Defendants do not argue that they are constitutionally entitled to a stay of the civil proceeding pending the outcome of the criminal proceedings. Rather, they argue that a six factor test used by numerous courts to balance the burden of dual proceedings on the movant with the harm of a stay to the opponent weighs in their favor. (Doc. 47 at 3-4.) Defendants cite *Hobbs v. Grant County Board of Commissioners*, No. Civ. 05-237 MCA/RLP, Doc. 46 at 2-3 (D.N.M. June 30, 2005) (order denying motion for stay of discovery), to show use of the test in this district, and rely heavily on *Hilda M. v. Brown*, No. 10-cv-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010) (unpublished), for analogy.

Plaintiffs counter that Defendants have not met their "heavy burden . . . to convince this Court that they are entitled to the stay," (Doc. 50 at 2), and rely on *In Re CFS-Related Securities*

*Fraud Litigation*, 256 F. Supp. 2d. 1227 (N.D. Okla. 2003), to argue that the six factor test resolves in their favor and against a stay.

The six factor test is as follows: (1) the extent of overlap between the proceedings; (2) the status of the criminal case; (3) the plaintiffs' interests in speedy resolution weighed against the prejudice caused by delay; (4) the burden on the defendants; "(5) the interests of the courts; and (6) the public interest." *Hilda M.*, 2010 WL 5313755, at *3. I find that all but factors five and six weigh in Defendants' favor.

### 1. Overlap of Issues in Criminal and Civil Cases

Defendants argue "complete overlap," (Doc. 47 at 4), and cite *Hilda M.* for the proposition that "[t]he extent of overlap is the most important factor in ruling on a motion to stay." 2010 WL 5313755, at *3 (quotation omitted). Plaintiffs concede that "there is some overlap" but counter that "[t]he primary overlapping issue can be expressed in a single questions [sic]: where [sic] Defendants . . . justified in their use of force against Mr. Flynn?" (Doc. 50 at 3.) Plaintiffs then appear to argue that a stay is irrelevant because the outcome of the criminal cases will control the outcome of the civil case. On balance, this factor weighs in Defendants' favor because of the high degree of overlap. As Defendants point out, the parallel cases "involve the same alleged conduct, the same event (Plaintiff's arrest) and the same alleged victim." (Doc. 47 at 4).

### 2. Status of the Criminal Case

Defendants cite *Hilda M.* for the proposition that the most crucial time for a stay is post-indictment because "[t]he potential for self-incrimination is greatest . . . and the potential harm to civil litigants . . . is reduced due to the promise of a fairly quick resolution of the criminal case."

2010 WL 5313755, at *4 (quotation omitted). In response, Plaintiffs cite the paragraph in *In Re CFS* listing cases where stays were denied post-indictment. 256 F. Supp. 2d. at 1238.

I find the Defendants' argument convincing because their criminal case is one step ahead of the defendant's criminal case in *Hilda M.*, so the potential for self-incrimination remains high while the potential harm to Plaintiffs is reduced even further. This difference—an indictment but no trial setting in *Hilda M.* versus an indictment and trial scheduled to begin next month here—weighs in Defendants' favor.

### 3. Interests of the Plaintiffs

Plaintiffs cite four consequences of a stay that would cause them significant prejudice: (1) the inability to gather discovery, (2) an uncertain timeline for the state case, (3) a greatly diminished opportunity to obtain negative inferences from Defendants' invocation of their Fifth Amendment rights, and (4) a disruption in their trial strategy from Defendants' decision to request the stay with only six months remaining in discovery. (Doc. 50 at 4-5.)

Plaintiffs rely on *In Re CFS* for the importance of negative inferences under these circumstances. 256 F. Supp. 2d at 1239. Though *In Re CFS* is similar to this case because the party's motion to stay was considered post-indictment and the civil and criminal issues overlapped completely, it is distinguishable because of its complexity. Unlike this case, *In Re CFS* involved a "rigid and painstakingly devised" discovery plan involving "over five hundred (500) Plaintiffs suing for damages of over $1.6 billion." *Id.* at 1238-39. Negative inferences were particularly important to the Plaintiffs because the potential stay would last six months and affect over two hundred depositions. *Id.* at 1239. Here, comparatively, a stay would affect only two plaintiffs and would exist for a shorter time period because trial is scheduled to begin next month. In short, the court in *In Re CFS* made much of the need for a speedy resolution in

complex litigation, and those concerns are less pronounced, if not completely absent, here. This factor weighs in Defendants' favor.

### 4. Interests of the Defendant

Defendants rely on *Hilda M.* for the argument that the "quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case" outweighs Plaintiffs' interest in speedy resolution. 2010 WL 5313755, at *5 (quotation omitted). Plaintiffs counter that Defendants have failed to identify specific instances where invoking the Fifth Amendment would be prejudicial and rely on *FTC v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1199 (C.D. Cal. 2000), for the proposition that Defendants have already decreased their Fifth Amendment interests because they submitted police reports "alleging their actions were reasonable and not excessive." (Doc. 50 at 5.)

Though Defendants have not identified specific prejudice, the complete overlap between the criminal and civil cases suggests that Defendants will invoke their Fifth Amendment rights repeatedly and therefore the potential for prejudice is high. Moreover, *J.K. Publications* is distinguishable because the court's reference to decreased Fifth Amendment concerns related to "deposition and submitted sworn statements in prior proceedings," rather than unsworn documents, like police reports. 99 F. Supp. 2d at 1199. This factor weighs in Defendants' favor.

### 5. Interests of the Court

Defendants do not address this factor. Plaintiffs argue that judicial efficiency is reduced if courts freely grant stays. However, other courts have pointed out that a parallel civil case may settle or have a narrower scope of discovery following resolution of the criminal action, which would serve to promote judicial efficiency. *See, e.g.*, *Trs. of Plumbers and Pipefitters Nat'l*

*Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995). On balance, this factor does not weigh strongly for either party.

### 6. Interests of the Public

Defendants do not address this factor. Plaintiffs argue that the prosecuting agency has not joined in the stay and therefore "there is no evidence that a stay would benefit the public good by protecting the integrity of the criminal proceedings." (Doc. 50 at 7.) This factor weighs in Plaintiffs' favor.

### CONCLUSION

Having balanced the equities at issue, I find that limitations on discovery are required to adequately protect Defendants' interests. Defendants' motion to limit discovery (Doc. 47) is granted. For the next 120 days or until further order of the Court, no party to this litigation shall be allowed to seek information from any other party regarding (1) the actions of Defendants Salcido and Garcia occurring after the arrest of Flynn on December 23, 2014, or (2) the City's termination of Defendants Salcido and Garcia. Any party may move to vacate this discovery limitation if circumstances change.

Additionally, Defendants shall submit status reports every 30 days, beginning December 14, 2015, and continuing until further order of the Court, regarding the status of the criminal cases against them. Finally, all deadlines set forth in the Order Setting Pretrial Deadlines and Adopting Joint Status Report (Doc. 33) and the Order on Plaintiffs' Motion to Extend Expert Deadlines (Doc. 44) are vacated. Discovery may proceed during pendency of the criminal trials, with deadlines to be reset at a later time.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge