IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSS FLYNN
and MARY ANN FLYNN,

      Plaintiffs,

v.                                                                       15cv195 KG/WPL

CITY OF LAS CRUCES, NEW MEXICO,
LAS CRUCES POLICE DEPARTMENT,
Officer RICHARD GARCIA, Officer DANNY
SALCIDO, Officer JOSHUA SAVAGE,
Officer JUSTIN RAMIREZ, and Officer
ABRAHAM MADRID, in their individual
and official capacities,

      Defendants.

## ORDER OVERRULING PLAINTIFFS' OBJECTION TO ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

This matter is before the Court on Plaintiffs' Objection pursuant to Fed. R. Civ. P. 72(a) to the November 9, 2015, Order Granting Defendants Salcido and Garcia's Motion for Protective Order. (Docs. 58, 60). Plaintiffs did not file a response to the Motion for Protective Order. Plaintiffs timely filed their Objection on November 23, 2015. *See* Rule 72(a) (fourteen days to serve and file objections). Salcido and Garcia ("Defendants") filed a response on December 3, 2015. (Doc. 62). Having reviewed the Objection and the Magistrate Judge's Order, the Court overrules the Objection.

Rule 72(a) states that when a Magistrate Judge rules on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The clearly erroneous standard "requires that the reviewing court affirm unless [the court] on the entire evidence is left with the definite

and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation omitted). The Seventh Circuit has explained, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Meacham v. Church*, 2:08-CV-535, 2010 WL 1576711, at *1 (D. Utah Apr. 19, 2010) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); *see also Hicks v. Cadle Co.*, No. 04-CV-02616-ZLW-KLM, 2010 WL 2940944, at *1 (D. Colo. July 21, 2010) (quoting same).

The Magistrate Judge granted a Protective Order requiring the City of Las Cruces not to disclose or discuss the contents of Defendants' personnel files and Professional Standards Unit documents. (Doc. 58) at 2. The Magistrate Judge based his decision on Plaintiffs' failure to respond to the Motion and D.N.M.LR-Civ. 7.1(b). Rule 7.1(b) states, "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."

"'[T]he Court treats an issue to which no timely response is made as unopposed and resolves the issue in favor of the moving party unless it would be incorrect or improper to do so.'" *Kizzar v. Richardson*, No. CIV 08-1037 JB/CEG, 2009 WL 2951061, at *3 (D.N.M. Aug. 14, 2009) (unpublished) (quoting *Baumeister v. New Mexico Comm'n for the Blind Adult Orientation Ctr.*, 425 F. Supp. 2d 1250, 1268-69 (D.N.M. 2006)). For example, a court may not "grant a motion to dismiss or a motion for summary judgment based solely on plaintiff's failure to respond and must consider the merits of the motion." *Tapia v. City of Albuquerque*, 10 F.

Supp. 3d 1207, 1252 (D.N.M. 2014) (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002)).

The Order forming the basis of the Objection resolves a motion that is not a motion to dismiss or a motion for summary judgment. Having reviewed the Magistrate Judge's Order, the Court finds no reason to conclude that it would be incorrect or improper to grant the Motion for Protective Order at issue in the absence of a response. The Court determines that the Magistrate Judge's decision is not clearly erroneous or contrary to law. The Court, therefore, concludes that Plaintiffs' Objection is not well-taken and will be overruled.

IT IS HEREBY ORDERED that Plaintiffs' Objection (Doc. 60) is overruled.

_____
UNITED STATES DISTRICT JUDGE