IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSS FLYNN
and MARY ANN FLYNN,

      Plaintiffs,

v.                                                                            15cv195 KG/WPL

CITY OF LAS CRUCES, NEW MEXICO,
LAS CRUCES POLICE DEPARTMENT,
Officer RICHARD GARCIA, Officer DANNY
SALCIDO, Officer JOSHUA SAVAGE,
Officer JUSTIN RAMIREZ, and Officer
ABRAHAM MADRID, in their individual
and official capacities,

      Defendants.

## AMENDED ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO ORDER GRANTING DEFENDANTS' MOTION TO STAY/LIMIT DISCOVERY PENDING RESOLUTION OF CRIMINAL PROCEEDINGS

This matter is before the Court on Plaintiffs' Fed. R. Civ. P. 72(a) Objection to the November 9, 2015, Order Granting Defendants Salcido and Garcia's Motion to Stay/Limit Discovery Pending Resolution of Related Criminal Proceeding. (Docs. 59, 61). Plaintiffs Ross and Mary Ann Flynn timely filed their Objection on November 23, 2015. *See* Rule 72(a) (fourteen days to serve and file objections). Salcido and Garcia ("Defendants") filed a response on December 3, 2015. (Doc. 63). Having reviewed the Objections and the Magistrate Judge's Order, the Court overrules the Objections.

Rule 72(a) states that when a Magistrate Judge rules on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The clearly erroneous standard "requires

that the reviewing court affirm unless [the court] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation omitted). The Seventh Circuit has explained, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Meacham v. Church*, 2:08-CV-535, 2010 WL 1576711, at *1 (D. Utah Apr. 19, 2010) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); *see also Hicks v. Cadle Co.*, No. 04-CV-02616-ZLW-KLM, 2010 WL 2940944, at *1 (D. Colo. July 21, 2010) (quoting same).

The Magistrate Judge granted a limited stay of discovery for 120 days or until further order of the Court as to any information regarding "(1) the actions of Defendants Salcido and Garcia occurring after the arrest of [Ross] Flynn on December 23, 2014, or (2) the City's termination of Defendants Salcido and Garcia." (Doc. 59) at 6. Defendants argued in their motion to stay or limit discovery that without this limited stay of discovery, they would be subject to substantial prejudice arising from their invocation of the Fifth Amendment during discovery pending the parallel criminal proceedings. (Doc. 45) at 2-5. At the time Defendants filed their motion, criminal trials were set in state court for December 8, 2015. (*Id.*) at 2. The state court later granted a continuance, resetting the trials for April 26, 2016. (Doc. 63) at 3. The parties agreed that the Court should apply a six-factor balancing test to determine whether to grant a stay: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted;

(3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010) (unpublished) (citations omitted). The Magistrate Judge analyzed each of the six factors, finding that the first four factors weighed in favor of Defendants, the fifth factor did not weigh strongly for either party, and the sixth factor weighed in favor of Plaintiffs. (Doc. 59) at 3-6. As to the fourth factor, the Magistrate Judge noted that the "potential for prejudice is high," even though Defendants did not identify specific instances of prejudice that could arise from invoking the Fifth Amendment. (*Id.*) at 5. The Magistrate Judge then concluded that the balance of factors weighed in favor of Defendants and that the motion for a limited stay should be granted. (*Id.*) at 6.

Plaintiffs argue that Defendants only made a general claim of prejudice, failing to articulate any specific prejudice, and that this Court should therefore overturn the Magistrate Judge's Order. With regard to the first factor of the six-factor test, Plaintiffs argue that despite the overlap between the matters at issue in the civil and criminal proceedings, there is little danger of self-incrimination because Defendants already made numerous admissions to internal investigators, and Plaintiffs are simply seeking this material. As to the second factor, Plaintiffs contend that based on trailing docket, "there is no real ability to discern when Defendants' criminal case will be going to trial." (Doc. 61) at 5. Concerning the third factor, Plaintiffs argue that they have a right to a speedy discovery process and that the longer the delay, the more memories will fade and witnesses will become unavailable. With respect to the fourth factor, Plaintiffs minimize the burden on Defendants by arguing that Defendants already submitted police reports alleging their actions were reasonable and not excessive and, therefore, their

remaining Fifth Amendment concerns are insignificant. As to the fifth factor, Plaintiffs argue that the Magistrate Judge should have found this factor to weigh in their favor because the discovery documents blocked by the stay are necessary for the possibility of settlement, and the resolution of the criminal case will not narrow discovery because this is a relatively straightforward excessive force case.

Defendants argue that Plaintiffs have failed to show that the Magistrate Judge's Order is clearly erroneous or contrary to law. They contend that the Magistrate Judge properly applied the six-factor test to the facts of this case.

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted). Whether to grant a stay of a civil case pending criminal proceedings is a matter of discretion for the Court. *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003); *Hilda M.*, 2010 WL 5313755, at *2; *AIG Life Ins. Co. v. Phillips*, No. 07-CV-00500-PSF-MEH, 2007 WL 2116383, at *1-2 (D. Colo. July 20, 2007). "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Kreisler*, 563 F.3d at 1080. (citation omitted). "However, a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* (quotation omitted).

"The extent of overlap is the most important factor in ruling on a motion to stay." *Hilda M.*, 2010 WL 5313755, at *3 (quotation omitted). As to the second factor, status of the case, courts have split on the propriety of imposing a stay after a criminal indictment has been filed. *In re CFS Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1238. The District of Colorado found

that "[a] stay of a civil case is most appropriate where a party to a civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Hilda M.*, 2010 WL 5313755, at *4 (quotation omitted). With regard to the third factor, Plaintiffs cited the court's finding in *In re CFS-Related Sec. Fraud Litig.* that the circumstances weighed in favor of denying a partial stay of discovery against a central witness. 256 F. Supp. 2d at 1238-39. The court made a fact-specific finding based on the prejudice the plaintiffs would face being unable to depose this central witness early in litigation, which involved deposing over two hundred witnesses. *Id.* at 1239. The remaining factors likewise require a fact-specific inquiry. *Id.* at 1237; *Hilda M.*, 2010 WL 5313755, at *3.

Having reviewed the Magistrate Judge's Order, including his fact-specific assessment of each of the six factors in the balancing test, the Court finds that the Order is not clearly erroneous or contrary to law. While Plaintiffs attempt to minimize the prejudice to which Defendants might be exposed absent a stay, this Court does not find that the Magistrate Judge abused his discretion in weighing the factors as a whole in favor of Defendants. Further, *In re CFS-Related Sec. Fraud Litig.* is distinguishable from this case because Plaintiffs have not shown that failing to obtain discovery from Defendants until after the criminal proceedings have terminated will prejudice ongoing depositions or other discovery. 256 F. Supp. 2d at 1239. Finally, Plaintiffs have failed to cite to case law requiring specificity in a Fifth Amendment stay argument—after all, the purpose of claiming the Fifth Amendment is to protect against making, rather than exposing, self-incriminating statements. The Court, therefore, concludes that Plaintiffs' Objection is not well-taken and will be overruled.

IT IS HEREBY ORDERED that Plaintiffs' Objection (Doc. 61) is overruled.

_____
UNITED STATES DISTRICT JUDGE