**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROSS FLYNN and MARY ANN FLYNN,

    Plaintiffs,

v.                                                            CV 15-00195 KG/WPL

CITY OF LAS CRUCES, NEW MEXICO,
LAS CRUCES POLICE DEPARTMENT,
OFFICER RICHARD GARCIA, OFFICER
DANNY SALCIDO, OFFICER JOSHUA
SAVAGE, OFFICER JUSTIN RAMIREZ,
and OFFICER ABRAHAM MADRID, in
their Individual and Official Capacities,

    Defendants.

**ORDER DENYING MOTION TO RECONSIDER**

Plaintiffs have filed a motion asking me to reconsider the Order that I entered that stayed discovery in this civil case while the criminal cases against former Las Cruces police officers Richard Garcia and Danny Salcido proceed. (Doc. 80.) Plaintiffs set forth two reasons that they claim warrant reconsideration. First, they state that Garcia and Salcido gave statements to a New Mexico State Police investigator during his investigation into the criminal charges that have been filed against them, and that their counsel failed to disclose this fact when the issue of a stay of proceedings was initially considered. Relying upon *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070 (10th Cir. 2009), Plaintiffs contend that Garcia and Salcido's Fifth Amendment rights were nullified when they made the statements to the investigator, and that their motion to stay was without merit when it was filed. Second, Plaintiffs claim that they have

learned that the criminal trial against both defendants will be severed, causing further delay and prejudice to Plaintiffs' rights to a timely adjudication of the civil case.

Garcia and Salcido contend that Plaintiffs' motion fails to satisfy the requisite standard under Federal Rule of Civil Procedure 59(e) for altering or amending a judgment. (Doc. 84.) They deny that they waived their Fifth Amendment rights not to incriminate themselves when they gave statements to the State Police investigator. They also request that they be awarded costs and attorney's fees under 28 U.S.C § 1927 because Plaintiffs' have filed a baseless motion to reconsider. Plaintiffs did not file a reply brief.

Garcia and Salcido are incorrect when they state that Plaintiffs' motion is analyzed under the Rule 59(e) standard. Rule 59(e) applies to a "motion to alter or amend a judgment." FED. R. CIV. P. 59(e). No judgment has been entered in this case; therefore, Rule 59(e) does not apply. *Jones v. Bernanke*, 557 F.3d 670, 677-78 (D.C. Cir. 2009). Rule 54(b) allows a court to revise an order that adjudicates fewer than all of the claims of the parties at any time before the entry of a final judgment. To this end, Plaintiffs have filed a motion for reconsideration, a motion not expressly recognized by the Federal Rules of Civil Procedure. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Garcia and Salcido correctly recite the grounds that may warrant granting a motion to reconsider: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiffs rely upon the second ground to request reconsideration of the order staying proceedings.

Garcia and Salcido do not specifically address in their response brief whether the statements they gave to the State Police investigator were available to Plaintiffs at the time the

motion to stay was filed. Thus, I will assume that these statements were not available to Plaintiffs at that time. Further, when the order granting the stay was entered on November 9, 2015, the joint criminal trial of Garcia and Salcido was scheduled in state court for December of 2015. Trial of Garcia and Salcido did not occur then, and the delay of the trial and the decision to sever the criminal cases constitutes new evidence that was not available when the motion to stay was briefed. These facts, however, do not warrant granting Plaintiffs' motion for reconsideration.

While Plaintiffs did not have the statements that Garcia and Salcido gave to the State Police investigator, they had other statements made by Garcia and Salcido in the criminal case. Plaintiffs had the police reports Garcia and Salcido submitted about the incident with Ross Flynn, and also the statements they gave to internal affairs investigators before criminal charges were brought. Plaintiffs specifically relied upon those reports and statements in arguing that the civil case should not be stayed. (*See* Doc. 50 at 5; Doc. 61 at 3-4, 6.) Both Judge Gonzales and I considered the fact that Garcia and Salcido made police reports and gave other statements, and concluded that a stay was appropriate. (Doc. 59 at 5; Doc. 79 at 3.) Plaintiffs make no attempt to explain how the analysis of the stay issue differs because Garcia and Salcido gave statements to the State Police investigator. While Plaintiffs may have access to three, rather than two, statements from Garcia and Salcido about what occurred in the cellblock at the Las Cruces Police Department, there is no meaningful difference in facts that would compel me to reconsider the order granting a stay of proceedings.

Plaintiffs' reliance upon *Creative Consumer Concepts* is likewise no help to them. Judge Gonzales quoted from this case in the Order he entered overruling Plaintiffs' objections to the order to stay, (Doc. 79 at 4), so there is no intervening change in the controlling law. Further, rather than supporting Plaintiffs' position, *Creative Consumer Concepts* actually explains why a

stay of proceedings is warranted. In *Creative Consumer Concepts*, the defendant in a civil case appealed the district court's denial of her motion to stay the proceedings pending the outcome of what she described as parallel criminal proceedings. 563 F.3d at 1080. The Tenth Circuit affirmed the district court decision, noting several findings that supported denial of the stay. *Id*. at 1081. First, the district court found that there was limited overlap between the issues and evidence in the civil and criminal matters, and the circuit agreed, finding that the district court "limited the scope of the [civil] trial so much, it is better considered 'simultaneous' rather than 'parallel' to the criminal case." *Id*. Second, the defendant did not move for a stay until months after she had given a deposition in the civil case. *Id*. Because the defendant waived her Fifth Amendment privilege with respect to the questions she answered during the deposition, by the time she moved for a stay "she had already provided the evidence used against her at the bench trial," and a stay would not change this. *Id*. *Creative Consumer Concepts* does not support Plaintiffs' broad claim that Garcia and Salcido waived their Fifth Amendment rights by answering questions about the basis of the lawsuit.

In contrast, there is a high degree of overlap between the civil and criminal proceedings in this case, which involves the same victim and the same alleged conduct. Further, Garcia and Salcido timely asserted their Fifth Amendments rights, and have not provided testimony or statements under oath. *See F.T.C. v. J.K. Publications, Inc.,* 99 F. Supp. 2d 1176, 1199 (C.D. Cal. 2000) ("Where a defendant already has provided deposition testimony on substantive issues of the civil case, any burden on that defendant's Fifth Amendment privilege is 'negligible.'"); *IBM v. Brown*, 857 F. Supp. 1384, 1390 (C.D. Cal. 1994). Finally, Plaintiffs have failed to establish that Garcia and Salcido waived their Fifth Amendment privilege in this proceeding. "A witness' testimonial waiver of the privilege is only effective, however, if it occurs in the *same*

*proceeding* in which a party desires to compel the witness to testify." *U.S. v. Rivas-Macias*, 537 F.3d 1271, 1280 (10th Cir. 2008) (emphasis in original); *see also U.S. v. Constantine*, 263 F.3d 1122, 1128 n.4 (10th Cir. 2001). Plaintiffs want to compel Garcia and Salcido to testify in this civil proceeding, but the report to the State Police investigator and the other reports and statements were given in the criminal matter.

Plaintiffs' second ground for reconsideration involves developments in the criminal proceedings. When the Order granting stay was entered on November 9, 2015, a joint criminal trial for Garcia and Salcido was scheduled for the next month. Subsequently, the State of New Mexico filed a motion to separate the trials, and Salcido's trial was scheduled for April 26, 2016, and Salcido's trial scheduled for June 27, 2016. (Docs. 89 & 90.) Garcia and Salcido ignore this issue in their response to Plaintiffs' motion. Delaying the criminal trials impedes Plaintiffs' interest in a speedy resolution of their claims, which is one of the six factors courts consider to determine whether to issue a stay. *See Hilda M. v. Brown*, No. 10-cv-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010) (unpublished). Even so, this delay does not so change the balance of the factors to dictate that the stay should be vacated. It does, however, compel denial of Garcia and Salcido's request for sanctions under 28 U.S.C. § 1927. The Order specifically allows any party to move to vacate the stay if circumstances change, and it was not objectively unreasonable for Plaintiffs to seek to vacate the stay based upon the developments in the criminal cases. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987).

For these reasons, Plaintiffs' motion for reconsideration is denied.

_____
William P. Lynch
United States Magistrate Judge

5