IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSS FLYNN and MARY ANN FLYNN,

    Plaintiff,

v.                                                                        CV 15-00195 KG/WPL

CITY OF LAS CRUCES, NEW MEXICO,
LAS CRUCES POLICE DEPARTMENT,
OFFICER RICHARD GARCIA, OFFICER
DANNY SALCIDO, OFFICER JOSHUA
SAVAGE, OFFICER JUSTIN RAMIREZ,
and OFFICER ABRAHAM MADRID, in
their Individual and Official Capacities,

    Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS
AND AWARDING SANCTIONS AGAINST PLAINTIFFS' COUNSEL**

Plaintiffs have filed a motion for Rule 11 sanctions against counsel for former Las Cruces police officers Richard Garcia and Danny Salcido. (Doc. 81.) Plaintiffs argue that counsel for Garcia and Salcido should be sanctioned because they filed a baseless motion to stay the proceedings in this case. According to Plaintiffs, counsel for Garcia and Salcido knew or should have known before filing the motion to stay that their clients had waived their Fifth Amendment rights by giving statements to an investigator for the New Mexico State Police. Plaintiffs contend that counsel for Garcia and Salcido compounded their problem by trying to hide the statements to the investigator by objecting to a subpoena that Plaintiffs had served on the State of New Mexico to obtain the statements. Because counsel for Garcia and Salcido failed to properly investigate the basis for the motion to stay, Plaintiffs seek Rule 11 sanctions, including attorney's fees, from counsel for Garcia and Salcido.

Plaintiffs' motion has multiple procedural and substantive problems that are fatal to its success. First, Plaintiffs failed to follow the procedure set out in the Federal Rules of Civil Procedure to file a Rule 11 motion for sanctions. A Rule 11 motion for sanctions "must be served under Rule 5, but it must not be filed" if the challenged issue "is withdrawn or appropriately corrected within 21 days after service" of the motion. FED. R. CIV. P. 11(c)(2). This provision is known as the "safe harbor" provision, and it gives the opposing party the opportunity to withdraw or correct the offending pleading or contention and thereby escape sanctions. *Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009); *Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997). Compliance with the "safe harbor" provision is mandatory, and failure to serve the motion before filing precludes an award of sanctions under Rule 11. *Id.; id.; id*. Plaintiffs admit that they did not serve the motion on Garcia and Salcido before it was filed. (Doc. 81 at 3.) Plaintiffs' request for Rule 11 sanctions must be denied because Plaintiffs failed to comply with the "safe harbor" provision.

Second, Plaintiffs failed to comply with the Local Rules of Civil Procedure for this District when filing the motion. D.N.M.LR-Civ 7.1(a) requires that a party filing a motion "must determine whether [the] motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." The District's Local Rules of Civil Procedure are not suggestions; local rules "exist to create order out of chaos. Therefore, it is imperative that those rules be followed." *McDougal v. G & S Tobacco Dealers, L.L.C.,* 712 F. Supp. 2d 488, 501 (N.D. W. Va. 2010). Because Plaintiffs admit that they did not request concurrence before filing their motion, the motion may be summarily denied for failing to comply with Local Rule 7.1(a).

Third, Plaintiffs have fallen woefully short of establishing that counsel for Garcia and Salcido violated Rule 11 by filing the motion to stay. To comply with Rule 11, a motion must be "well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and . . . not interposed for any improper purpose." *Predator Intern., Inc. v. Gamo Outdoor USA, Inc*., 793 F.3d 1177, 1182 (10th Cir. 2015) (citation omitted). To resolve whether the motion to stay violates Rule 11, the court must evaluate counsel's conduct under a standard of "objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document." *Id*. (citation omitted). As the Tenth Circuit recognized, this is a more stringent standard than a request for sanctions under Rule 37(a)(5)(A) for improperly opposing discovery disclosure, and "is a tough [standard] to satisfy." *Id*.

My Order Denying Motion to Reconsider demonstrates that the motion to stay was warranted under both the facts and the law. The Order makes short work of Plaintiffs' argument that the motion to stay was baseless because Garcia and Salcido waived their Fifth Amendment rights in the civil case when they gave statements to the State Police investigator. (Doc. 94.) As set out more fully in that Order, Plaintiffs failed to explain why the statements Garcia and Salcido gave to the State Police investigator would compel a different result on the stay issue than the statements that Garcia and Salcido gave to the internal affairs investigator or the statements in their police reports. *Id*. at 3. The case Plaintiffs relied upon to support their argument for waiver, *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070 (10th Cir. 2009), is distinguishable in every important aspect from this case and does not support their argument for waiver. *Id*. at 3-4. Further, Plaintiffs ignored established Tenth Circuit law that a witness's testimonial waiver of his Fifth Amendment privilege is effective only if it occurs in the

3

same proceeding in which the party desires to compel the witness to testify, and the statements Garcia and Salcido gave to the State Police investigator were made in the criminal proceeding, not in the civil case brought by Plaintiffs. *Id*. at 4-5.

In their motion for Rule 11 sanctions, Plaintiffs assert that, in *Chandler v. Norwest Bank Minnesota, Nat. Ass'n*., 137 F.3d 1053 (8th Cir. 1998), the Tenth Circuit upheld the imposition of Rule 11 sanctions based on an attorney's failure to conduct a reasonable inquiry into the basis of a claim. As Garcia and Salcido point out, Chandler is not a Tenth Circuit case but is a decision rendered by the Eight Circuit. (Doc. 85 at 8.) Further, the Eighth Circuit affirmed the Rule 11 sanctions because the plaintiffs' attorney "failed to produce even a scintilla of evidence" in support of plaintiffs' claims. 137 F.3d at 1057. In contrast, Garcia and Salcido had both factual and legal authority to support their motion to stay discovery while the criminal cases are pending.

Finally, Plaintiffs argue that Rule 11 sanctions are appropriate because counsel for Garcia and Salcido not only misrepresented facts to the Court in their motion to stay, but also attempted to hide their misrepresentations by objecting to Plaintiffs' subpoena to the State of New Mexico Department of Public Safety requesting such information. Because I stayed discovery into the actions of Garcia and Salcido occurring after the arrest of Ross Flynn on December 23, 2014, (Doc. 59 at 6), Plaintiffs' subpoena may have violated the stay, an issue I need not address at this time. In any event, Garcia and Salcido's objections to the subpoena cannot be the basis for Rule 11 sanctions because Rule 11 does not apply to discovery matters. Rule 11(d) expressly states that Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." FED. R. CIV. P. 11(d); *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 n.15 (9th Cir. 2011) ("Rule 11(d) specifically exempts discovery motions and

objections from its procedural requirements."); *Jones v. Illinois Central R. Co.*, 617 F.3d 843, 856 (6th Cir. 2010) (quoting Rule 11(d)). Rules 26 through 37 govern the discovery process, and control when sanctions may be imposed for inappropriate behavior in discovery. Rule 11(d) is logical, "as it prevents the court from imposing sanctions under Rule 37(c) and Rule 11 for the same offense." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 612 (D.N.M. 2012). Thus, Plaintiffs are not entitled to Rule 11 sanctions because counsel for Garcia and Salcido objected to Plaintiffs' subpoena.

After thoroughly discussing in their response the lack of merit in Plaintiffs' motion for sanctions, Garcia and Salcido requested sanctions from Plaintiffs' counsel under 28 U.S.C. § 1927. (Doc. 85 at 9-10). Plaintiffs' counsel did not file a reply to challenge the request for sanctions. (Doc. 92.) A district court may award costs, expenses and attorney's fees under § 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Sanctions under § 1927 are not to be lightly awarded, and are not based upon an evaluation of an attorney's subjective bad faith, but instead are based on a standard of objective reasonableness. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). They are only appropriate "when an attorney acts recklessly or with indifference to the law [or] . . . is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006) (citation omitted). Sanctions are also appropriate against Plaintiffs' counsel under Rule 11(c)(2), which allows the Court to award Garcia and Salcido, as the prevailing parties, their reasonable expenses, including attorneys' fees, incurred in defending against the motion for sanctions. FED. R. CIV. P. 11(c)(2); *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 361 (S.D.N.Y. 2003).

5

Plaintiffs' motion for sanctions makes extremely serious allegations against counsel for Garcia and Salcido: that they deliberately hid information and mislead both the court and counsel when filing the motion to stay. Because Plaintiffs cannot produce facts or law to support their motion, they have frivolously, unreasonably and vexatiously multiplied the proceedings in this case.

Plaintiffs' motion for Rule 11 sanctions is denied and sanctions are awarded against Plaintiffs' counsel under 28 U.S.C. § 1927 and Rule 11(c)(2). Garcia and Salcido are instructed to submit affidavits regarding attorney's fees and other costs incurred in opposing the motion for Rule 11 sanctions within ten days. Plaintiffs may respond to the affidavits within five days of their filing, after which I will review and rule upon the sanctions to be awarded.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.