# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROSS FLYNN and MARY ANN FLYNN,

      Plaintiffs,

v.                                                                                                   CV 15-00195 KG/WPL

CITY OF LAS CRUCES, NEW MEXICO,
LAS CRUCES POLICE DEPARTMENT,
OFFICER RICHARD GARCIA, OFFICER
DANNY SALCIDO, OFFICER JOSHUA
SAVAGE, OFFICER JUSTIN RAMIREZ,
and OFFICER ABRAHAM MADRID, in
their Individual and Official Capacities,

      Defendants.

## ORDER DENYING SECOND MOTION TO RECONSIDER

Plaintiffs have filed a second motion asking me to reconsider the Order that I entered that stayed discovery in this civil case while the criminal cases against former Las Cruces police officers Richard Garcia and Danny Salcido proceed. (Doc. 103.) Plaintiffs set forth two reasons that they claim warrant reconsideration. First, they state that Richard Garcia testified during his criminal trial held in June of 2016, which resulted in a mistrial. Relying upon *Raffell v. United States*, 271 U.S. 494 (1926), Plaintiffs contend that Garcia waived his Fifth Amendment rights by testifying and no longer has a basis for a stay in this case. Second, Plaintiffs claim that the retrial for Garcia and the trial for Danny Salcido have not yet been scheduled, and that Plaintiffs' right to a speedy resolution of their claims for damages outweighs any remaining interests the defendants may claim justify a continued stay of this case.

Plaintiffs' reliance on *Raffel* is misplaced. *Raffel* was decided ninety years ago, before *Miranda v. Arizona*, 384 U.S. 436 (1966) and other modern constitutional criminal law decisions, and its continuing vitality has been questioned. *See United States v. Shannon*, 766 F.3d 346, 354 n.11 (3rd Cir. 2014); *United States v. Anderson*, 498 F.2d 1038, 1044 n.26 (D.C. Cir. 1974). Almost sixty years ago the Supreme Court explained that *Raffel* stands for the unremarkable proposition that "when a criminal defendant takes the stand, he waives his [Fifth Amendment] privilege completely and becomes subject to cross-examination impeaching his credibility just like any other witness." *Grunewald v. United States*, 353 U.S. 391, 420 (1957). The Court reaffirmed this position seventeen years ago when it held that a defendant who waived her right against compelled self-incrimination during her guilty plea could still assert her Fifth Amendment right to remain silent at sentencing. *Mitchell v. United States*, 526 U.S. 314, 322 (1999). The Court recognized that it "is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details." *Id.* at 321. But a person who has waived his privilege in one trial or proceeding is not estopped from asserting it in a subsequent proceeding or trial. *Id.* at 321-25. *See also United States v. Rivas-Macias*, 537 F.3d 1271, 1280 (10th Cir. 2008) ("A witness' testimonial waiver of the privilege is only effective, however, if it occurs in the *same proceeding* in which a party desires to compel the witness to testify") (emphasis in original); *Slutzker v. Johnson*, 393 F.3d 373, 389 (3rd Cir. 2004) (testimony at coroner's inquest did not waive Fifth Amendment privilege at trial); and *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979) (testimony before grand jury did not waive Fifth Amendment privilege at trial). Garcia's testimony at his criminal trial did not waive the right to claim his Fifth Amendment privilege in this case.

That leaves only Plaintiffs' argument that they have a right to a prompt resolution of this case, which is one of the six factors that a court considers when determining whether a stay is appropriate. (*See* Doc. 59 at 2-3.) This right must be balanced against the other factors, which include the defendants' Fifth Amendment rights against self-incrimination, which "serves to ensure the continued vitality of our accusatorial system of justice." *Rivas-Macias*, 537 F.3d at 1277. The privilege against self-incrimination remains available until a defendant's "sentence has been fixed and the judgment of conviction has become final." *Mitchell*, 526 U.S. at 326. One reason courts stay civil litigation while a criminal case is pending is because of concerns that a prosecutor will obtain information from civil litigation that is not discoverable in a criminal case. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). Civil cases are often treated differently than criminal cases because "the stakes are higher" in criminal cases, where the defendant's life or liberty is at stake. *Mitchell*, 526 U.S. at 330. Considering all six factors, including the fact that the parties have agreed to participate in a settlement conference on November 22, 2016, I find that maintaining the stay until further order of the Court is the appropriate course of action.

For these reasons, Plaintiffs' second motion for reconsideration is denied.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.